LYONS, Justice
(concurring in the result).
The main opinion states:
“As to general jurisdiction, the materials before this Court indicate that Owens Used Cars’ only contacts with Alabama occurred during the mid-1980s. Although the level of those mid-1980s contacts might have been sufficient to fall within the parameters for general jurisdiction that are reflected in some of this Court’s precedents, see, e.g., Ex parte Lagrone, 839 So.2d 620 (Ala.2002); see also Ex parte McInnis, 820 So.2d [795] at 810 [ (Ala.2001) ] (Lyons, J., writing specially, joined by See and Brown, JJ.), we conclude that those contacts are too remote in time from the accrual of the plaintiffs’ causes of action and the filing of the complaint to form a constitutionally satisfactory basis for general jurisdiction.”
4 So.3d at 426.
I do not agree with the foregoing observation that Ex parte Lagrone, 839 So.2d 620 (Ala.2002), and the special writing in Ex parte McInnis, 820 So.2d 795, 808 (Ala. 2001), could lead to a result inconsistent with the holding in the main opinion. I therefore respectfully concur in the result.
Justice Murdock, in his special writing, concludes that Owens Used Cars waived any argument as to the absence of general jurisdiction based upon the remoteness of its activity in Alabama and then concurs in the result as to issuing the writ of mandamus based on the absence of general jurisdiction. I am puzzled as to how this conclusion would nonetheless permit him to concur in the result, as opposed to dissenting from issuing the writ. In all events, I cannot agree with his conclusion of waiver.
Owens Used Cars’ petition and reply repeatedly cite authority from the United States Supreme Court requiring that a defendant’s activity must be “continuous and systematic” to sustain general jurisdiction. Owens Used Cars says that the plaintiffs offered no such evidence. The answer to the petition brings out Owens Used Cars’ activity during the mid-1980s. Owens Used Cars, in reply, again cites *430 authority requiring continuous and systematic activity to sustain general jurisdiction. It discusses the plaintiffs’ evidence and concludes:
“Respondents/Plaintiffs contend that [Owens] Used Cars had ‘direct sales business in Alabama.’ However, the record shows that the only ‘business’ activities of [Owens] Used Cars that relates to the State of Alabama was when Alabama dealerships initiated contacts with [Owens] Used Cars to purchase vehicles. As demonstrated in the record, this activity occurred in the mid 1980’s”
Owens Used Cars’ reply brief, p. 5 (emphasis added). Later, Owens Used Cars argues:
“The limited amount of business activities of [Owens] Used Cars in the mid 1980’s does not rise to the level of a ‘continuous and systematic’ course of conduct that would confer general jurisdiction over [Owens] Used Cars by an Alabama court.”
Owens Used Cars’ reply brief, p. 8.
Although I recognize that Owens Used Cars places greater emphasis on lack of solicitation as the basis for finding no personal jurisdiction, I cannot conclude that it waived any argument as to the insufficiency of personal jurisdiction based on the failure of its activities to constitute a continuous and systematic course of conduct.
COBB, C.J., and SMITH, J., concur.